[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 29, 2005
THOMAS K. KAHN
CLERK

No. 04-15402
Non-Argument Calendar

_____

D. C. Docket No. 03-00768-CV-J-25-TEM

ORVILLE L. YOUNG,

Plaintiff-Appellant,

versus

JOHN FLEMING, Chief of Property
Safety City of Jacksonville
Neighborhoods Department,

Defendant-Appellee,

DEREK IGOU, Acting Chief of
Property Safety, City of
Jacksonville Neighborhoods
Department,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Orville Young, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil complaint for failure to state a claim against Derek Igou, the Acting Chief of Property Safety in Jacksonville, Florida ("City"). Young argues that the Defendant violated his First and Fifth Amendment rights, asserting that someone forcefully entered and improperly condemned Young's property. Young argues that the Defendant violated his Fifth Amendment rights by condemning his property after failing to inform Young of what repairs needed to be made. In addition, Young argues that the Defendant violated his First Amendment rights by harassing Young while issuing him citations for his property. Young further argues that the Defendant violated his First Amendment rights by interfering with the courts and preventing him from having his case heard in an impartial courtroom.

We review motions to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), de novo, and accept the allegations in the complaint as true, construing them in a light most favorable to the plaintiff. Spain v. Brown & Williamson Tobacco Corp., 363 F.3d 1183, 1187 (11th Cir. 2004). Motions to dismiss are only granted "when the movant demonstrates beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

While Young's complaint did not specify the statutory grounds for his claim, it appears that his claim alleged violations of his constitutional rights under 42 U.S.C. § 1983. To establish liability in a personal or individual capacity under § 1983, a plaintiff must show that an official, acting under color of state law, deprived him of a federal right. Patrick v. Floyd, 201 F.3d 1313, 1315 (11th Cir. 2000). A plaintiff cannot rely on a respondeat superior theory to hold a superior liable for individual actions of his officers. Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). We have stated that:

> Supervisory liability under § 1983 occurs only when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. A causal connection may be established: (1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) when a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004) (quotations and citation

3

omitted).

A suit under § 1983 against an officer in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). A municipality may only be held liable under § 1983 if the alleged deprivation of a federal right occurred pursuant to an official policy or custom. Monell, 436 U.S. at 694, 98 S.Ct. at 2037.

Upon review of the record and consideration of the parties' briefs, we find no reversible error. To the extent Young is suing Igou in his individual capacity, Young fails to state a claim under § 1983 because he did not allege any facts showing a causal connection between Igou and the alleged constitutional deprivation. Throughout his pleadings and in his brief on appeal, Young fails to identify the individuals who committed the actions alleged in the facts. Nothing in the pleadings suggested that any of the actions were taken by Igou.[1] Furthermore, the letter from the City's Deputy General Counsel on November 5, 2003, which notified Young that Igou was the new Acting Chief of the Property Safety Division, suggested that Igou may not have even been the Acting Chief at the time

---

[1] Notably, the district court's dismissal order allowed Young 20 days to amend his complaint. Instead of attempting to correct the deficiencies in the complaint noted by the district court, Young elected to appeal his case.

of the incidents alleged in Young's complaint.

To the extent that Young is suing Igou in his official capacity, Young's complaint fails to state a claim because he did not allege an official policy or custom of the City that caused the deprivation of a federal right. Young's complaint alleged various individualized acts, but failed to allege any City policy or custom that injured him.

**AFFIRMED.**

5